IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>BENNIE DEAN CROSS,<br><br>    Defendant. | No. 4:14-cr-076-JAJ<br><br><br><br>**ORDER** |

    This matter comes before the court pursuant to two motions filed by defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), seeking a modification of the term of his imprisonment to time served and commencement of a term of supervised release previously imposed. The Court finds:

    1.    Defendant was sentenced on March 12, 2015, in the United States District Court for the Southern District of Iowa, to a 120-month term of imprisonment followed by an 8-year term of supervised release. [Dkt. 44]

    2.    Defendant claims that he should receive compassionate release under 18 U.S.C. § 3582(c)(1)(A), based on the combination of his medical conditions and the ongoing COVID-19 pandemic. Defendant, age 60, has diabetes, high blood pressure, and back and leg problems. [Dkt. 47, at 1].

    3.    Title 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 (FSA), Pub. L. No. 115-391, 132 Stat. 5194 (2018), now authorizes the Court to modify a term of imprisonment upon a finding that extraordinary and compelling reasons warrant the reduction. Compassionate release is not mandatory, even if the court finds an "extraordinary and compelling reason," however. *See, e.g., United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Instead, whether to grant such a reduction involves a 4-step analytical scheme, considering the following issues in succession: (1) timing or satisfaction of administrative requirements, *see* 18 U.S.C. § 3582(c)(1)(A); (2) extraordinary or

compelling reasons, *see id.* at 3582(c)(1)(A)(i); (3) lack of danger to any other person or the community, *see* U.S.S.G. § 1.B.1.13 (applicable policy statement); and (4) § 3553(a) factors, 18 U.S.C. § 3582(c)(1)(A).   *Cf. Chambliss*, 948 F.3d at 692-94.

   A. At the first step, the administrative exhaustion requirement is satisfied [1] if "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or [2] there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, *whichever is earlier.*"   18 U.S.C. § 3582(c)(1)(A) (emphasis added).   Some courts consider this exhaustion requirement to be a claim-processing rule subject to possible equitable tolling, but most consider it jurisdictional or otherwise mandatory.   *Compare, e.g., United States v. Smith*, No. 12 CR. 133 (JFK), 2020 WL 1849748, at *3 (S.D.N.Y. Apr. 13, 2020) (exhaustion is non-jurisdictional), *with, e.g., United States v. Lugo*, No. 2:19-CR-00056-JAW, 2020 WL 1821010, at *3 (D. Me. Apr. 10, 2020) (even if the exhaustion requirement was not jurisdiction, it was "both clear and mandatory," so that the court could not read an exception into it); *United States v. Johnson*, No. RDC-14-0441, 2020 WL 1663360, at *3–6 (D. Md. Apr. 3, 2020) (concluding that § 3582(c)(1)(A)'s exhaustion requirement is jurisdictional and, regardless, there are no exceptions to the exhaustion requirement).

   B. At the second step of the analysis, the defendant must show "extraordinary and compelling reasons" warranting a reduction.   Section 3582(c)(1) does not define such reasons.   The Sentencing Guidelines do identify such reasons in U.S.S.G. § 1B1.13, cmt. n.1, however. A defendant's medical conditions may constitute extraordinary and compelling reasons only if the defendant is suffering from a terminal illness, or if he is "(I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process" and the condition substantially diminishes the defendant's ability to provide self-care

in prison. *Id.*

      C.    At the third step, compassionate release is appropriate only where "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(2); *see also United States v. Schmitt*, No. CR12-4076-LTS, 2020 WL 96904, at *5 (N.D. Iowa Jan. 8, 2020) (setting out the § 3142(g) factors).

      D.    If all the preceding requirements have been satisfied, at the fourth step, the court "consider[s] the factors set forth in section 3553(a) to the extent that they are applicable." 28 U.S.C. § 3852(c)(1)(A). The court must provide reasons for its determination based on consideration of the § 3553(a) factors. *Chambliss*, 948 F.3d at 693.

    4.    Here, defendant satisfied the exhaustion requirement by sending a request for a reduction in sentence, which was denied by the warden at FCI Elkton. Over 30 days have passed since this denial. [Dkt. 49 at 5]. However, defendant fails to demonstrate that his medical conditions constitute extraordinary and compelling reasons for his release. "A compassionate release due to a medical condition is an extraordinary and rare event." *White v. United States*, 378 F. Supp. 3d 784 (W.D. Mo. 2019). Even when a medical condition may make confinement more difficult, that alone is not a sufficient basis for compassionate release. *See United States v. Malone*, No. 1:07CR00037-001, 2019 WL 3337906, at *2 (W.D. Va. July 25, 2019).

    5.    Although defendant's conditions are serious, they do not rise to the level of "extraordinary and compelling reasons." The BOP routinely provides "chronic care clinics for conditions such as cardiovascular disease, diabetes, and hypertension." *Medical Care*, Fed Bureau of Prisons, https://www.bop.gov/inmates/custody_and_care/medical_care.jsp (last visited Sept. 2, 2020). Defendant's diabetes and high blood pressure are within the normal conditions treated by the BOP and are not extraordinary or compelling. Defendant has not shown that these conditions are terminal or that they substantially impair his ability to provide self-care in prison, even in light of the COVID-19 pandemic. The BOP has taken

steps to protect inmates who, like the defendant, have pre-existing conditions that make them more susceptible to COVID-19. *See BOP Implementing Modified Operations*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited Sept. 2, 2020). Defendant has not shown that these procedures are inadequate to protect or treat him.

6. After consideration of all defendant's arguments, the Court concludes that defendant has not satisfied the requirements for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.

**IT IS THEREFORE ORDERED** that the May 11, 2020 and August 17, 2020, Motions for Compassionate Release [Dkts. 47, 57] are denied.

**DATED** this 9th day of September, 2020.

_____
JOHN A. JARVEY, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA